EDISON ELECTRIC LIGHT CO. v. E. G. BERNARD CO. et al.

(Circuit Court, N. D. New York. January 26, 1899.)

COSTS IN PATENT SUITS—EXCESSIVE AND IRRELEVANT EVIDENCE.

A successful defendant in a patent suit who has overloaded the record with a large amount of matter, mainly the testimony of experts, which is irrelevant or immaterial, and abounding in repetition and prolix disquisitions, will be denied costs in the proportion which such testimony bears to the whole amount of evidence in the record.

This was a suit in equity by the Edison Electric Light Company against the E. G. Bernard Company and others for alleged infringement of a patent. The bill was heretofore dismissed, after a hearing on the merits. 88 Fed. 267. The cause is now heard on a motion by defendants to be allowed full costs.

Samuel O. Edmonds, for complainant.
Seward Davis and Barton & Brown, for defendants.

COXE, District Judge. The defendants' counsel, in the memorandum submitted upon this motion, have exhausted the list of adjectives belonging to legal nomenclature in expressing their opinion of the absolutely untenable character of the complainant's case. In their opinion the greater part of the complainant's testimony was "irrelevant," its case "hopeless," the suit "unjust" and the complainant's conduct in maintaining it "a willful and malicious tort." To the extent of holding that the action cannot be maintained the court agrees with them. The court was also of the opinion that a volume 2¼ inches in thickness and containing nearly 1,000 printed pages was unnecessary to meet such a cause of action. Upon the last proposition the defendants differ with the court. If a nautical metaphor be permissible, they maintain on the one hand that their adversary attacked them in a mud scow, and on the other, that it was imprudent for them to meet the foe until they were defended by an "Oregon."

If the defendants are right as to the worthlessness of the complainant's record it would seem that they are hardly in a position to dispute the proposition of the court as to the overweighted character of their own record. Indeed, as I now recall the oral argument, it was contended by at least one of the counsel for the defendants, that a large part of the record on both sides was wholly useless, and that the defendants had been beguiled into following the complainant wherever it led knowing that they were joining issue upon many questions having nothing whatever to do with the real controversy. I have no doubt that the position taken in the decision (88 Fed. 267) is correct, and a re-examination confirms me in this opinion. I am inclined to think, however, that it will be more equitable to allow the defendants a larger proportion of their costs than there suggested. I find on looking over the record, with this point especially in mind, that the proportion of the evidence which is unobjectionable is somewhat larger than I estimated it to be at the time of the decision.

The principal ground of criticism relates to the depositions of the expert witnesses. That this testimony abounds in repetition and irksome and prolix disquisitions, cannot be denied. There are too many experts and they talk too much. A self-evident proposition is not strengthened by being repeated ad infinitum. Truth does not need such artificial support; it will stand alone. What is said of the defendants' record applies with even greater force to the complainant's record, but the bill is dismissed and the entire expense falls upon the complainant. In brief, it is thought that no impartial mind can examine this record, in the light of the simple issue involved, without being convinced that it is an imposition upon court, counsel and parties alike. Such records obstruct the path of truth, retard equity and tend to shorten life and to promote insanity. If the bar would unite with the bench in confining the records in equity causes within reasonable limits, it is thought that the reform would be even more advantageous to the former than to the latter.

I have now examined the record with considerable care and, without going into details, have reached the conclusion that the defend-

ants are entitled to three-fourths instead of one-half their costs. The decree should, I think, be amended by striking out "one-half" and inserting "three-fourths" in lieu thereof.